**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3846-17T2

HSBC BANK USA, NA, AS
TRUSTEE FOR NOMURA
ASSET ACCEPTANCE
CORPORATION MORTGAGE
PASS THROUGH CERTIFICATES,
SERIES 2005-AR4,

     Plaintiff-Respondent,

v.

CHRISTOPHER KELLY,

     Defendant-Appellant,

and

MRS. CHRISTOPHER KELLY, HIS
WIFE, JULETTE MILLIEN-KELLY,
PNC BANK, BANK OF AMERICA,
NATIONAL ASSOCIATION,
BROOKVIEW REHAB FUNDING,
LLC, and OFER ATTIA,

     Defendants.

_____

Submitted January 15, 2019 – Decided  January 28, 2019

Before Judges Fisher and Geiger.

On appeal from Superior Court of New Jersey, Chancery Division, Middlesex County, Docket No. F-034420-13.

Christopher Kelly, appellant pro se.

Reed Smith LLP, attorneys for respondent (Henry F. Reichner, of counsel and on the brief).

PER CURIAM

In this residential foreclosure matter, defendant Christopher Kelly appeals the denial of his motion to reconsider the denial of his motion to set aside a sheriff's sale. Finding no merit in his arguments, we affirm.

We briefly recount the relevant procedural events. After defendant defaulted on his mortgage loan, plaintiff filed a complaint seeking foreclosure in September 2013. Defendant did not appear, and final judgment was entered in January 2016.

A July 2016 sheriff's sale was adjourned when defendant finally appeared to object. The sheriff's sale eventually occurred in September 2017, more than a year after it was originally scheduled. Less than ten days later, defendant moved to set the sale aside; the judge denied that request after conducting an evidentiary hearing on November 3, 2017.

Defendant timely moved for reconsideration of the November 3, 2017 order denying his motion to set aside the sheriff's sale. That motion was denied by order entered on March 16, 2018; the judge's order stated that the reasons for denial were those set forth on November 3, 2017.

Defendant appeals only the March 16, 2018 order denying his reconsideration motion, arguing that plaintiff: (1) "failed to comply with" the Supreme Court's June 9, 2011 order that amended Rules 4:64-1 and -2; (2) "failed to file the required certification of diligent inquiry form with its application for final judgment pursuant to" Rule 4:64-2(d); and "failed to file the required affidavit of amounts due and owing schedule pursuant to" Rule 4:64-2(d). We find insufficient merit in these arguments to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

We add only that the procedural errors urged by defendant relate to those events that preceded and led to entry of final judgment. Defendant, however, never opposed entry of final judgment nor did he timely seek relief from the final judgment pursuant to Rule 4:50. Instead, defendant appeals only an order that denied reconsideration of an order that denied his motion to set aside a sheriff's sale. Even at that, defendant has not shown that the arguments he posed in support of his reconsideration motion were sufficient to require the judge's

A-3846-17T2

revisiting of his earlier decision. Defendant has not shown that the judge's November 3, 2017 decision was either based on "a palpably incorrect or irrational basis" or that the judge did not properly appreciate the significance of competent evidence offered at that time. Cummings v. Bahr, 295 N.J. Super. 374, 384 (App. Div. 1996); D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990).

In short, the judge possessed considerable discretion in denying defendant's reconsideration motion, Cummings, 295 N.J. Super. at 384, and defendant has offered no principled reason for second-guessing the judge's discretionary ruling. Instead, the record reveals that the judge closely and painstakingly examined the arguments defendant raised at the November 3, 2017 evidentiary hearing and rendered sound rulings at that time.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3846-17T2